**Donald Leonard LONG, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 66-H-82.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 30, 1966.

Robert W. Hagen, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen., and Charles B. Swanner, Asst. Atty. Gen., for respondent.

Memorandum:

INGRAHAM, District Judge.

This habeas corpus case is before this court on three motions:

1. Respondent's Motion to Dismiss.
2. Respondent's Motion for a More Definite Statement.
3. Petitioner's Motion that respondent be required to produce a transcript of petitioner's trial.

■ `Petitioner has asserted eight grounds on which he seeks relief. Of these, three have not been sufficiently developed to reveal whether they state facts which, if established, would entitle petitioner to relief. They are that the State suppressed evidence, knowingly used perjured testimony, and that petitioner was represented by incompetent counsel. As to each of these grounds, petitioner will be ordered to file with the court a more definite statement, setting forth the *facts* upon which each claim is based.

If, after a more definite statement is filed, the respondent believes that the facts alleged do not as a matter of law support the legal conclusions already pleaded, respondent may renew its motion to dismiss.

■ Petitioner's motion to require the respondent to produce a trial transcript will be denied. Because the case was not appealed, no Statement of Facts was typed up. It is questionable as to whether the court reporter's notes still exist. Where a Statement of Facts has already been prepared for appeal, this court normally expects the respondent to produce it. However, where no appeal was taken, and consequently under Texas practice no Statement of Facts prepared, this court does not order that one be prepared and produced. This case presents

no circumstances which call for deviation from this practice.

Court-appointed counsel for petitioner is to be commended for his diligent service to petitioner and to this court. This court appreciates that counsel is making every effort to bring to light all circumstances of petitioner's present confinement which might call for habeas corpus relief. However, this court's role in federal habeas corpus proceedings is to hear and determine alleged constitutional deprivations, not to supervise an investigatory search for irregularities in State proceedings.